```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT


Erin C. Feine,                  :
     Plaintiff,                 :
                                :
     v.                         :     File No.2:08-CV-163
                                :
Michael J. Astrue,              :
Commissioner of                 :
Social Security,                :
     Defendant.                 :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Document No. 6)

On August 14, 2008, Erin C. Feine, appearing *pro se*, commenced this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying in part her applications for Children's Insurance Benefits on behalf on her minor children as the result of the death of the father of the children. (Doc. 4). By this action Feine challenged the denial of an administrative hearing on the amount of retroactive benefits. The Commissioner has acknowledged the error and an administrative hearing was held January 15, 2009 and an administrative decision was reached on January 22, 2009. The Commissioner moved on December 8, 2008 to

1

dismiss the action for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). No response was filed by the plaintiff. For the reasons set forth below, I recommend that the Commissioner's motion be GRANTED and the complaint be DISMISSED without prejudice.

## Background

Raymond St. Andrew, the father of Feine's two minor children, died in January 2004. See Complaint. Due to his alcoholism and abusive behavior, Feine had not been in contact with St. Andrew since 1997. Feine alleges that she only learned of his death in August 2007 after her children expressed an interest in developing a relationship with St. Andrew. Id. When Feine attempted to renew communications with St. Andrew, family members informed her of his death. Id. On August 8, 2007, Feine applied for child's insurance benefits on behalf of her children. See Paper No. 6, Declaration of Patrick Herbst, Ex. 1, at 3. The Commissioner granted Feine's application but awarded retroactive benefits dating back to February 2007, rather than January 2004, the date of St. Andrew's death. Id. Feine's request for additional retroactive benefits was likewise denied on reconsideration. Id. at 4.

On February 6, 2008, Feine filed a request for an administrative hearing, which Administrative Law Judge ("ALJ") James D'Alessandro dismissed on February 13, 2008. See *Paper No. 6,* Herbst Decl. ¶ 3(a); Ex. 2-4. In or around late July 2008, the Commissioner determined that the dismissal of the hearing request was erroneous. Id., Ex. 4. The Commissioner subsequently scheduled an administrative hearing and counsel for the defendant has advised the Court that an administrative hearing was indeed held on January 15, 2009. Counsel further advised that the ALJ issued an opinion on January 22, 2009. It is not known if the decision was favorable to the claimant.

## Standard of Review

The United States is immune from suit except as it specifically consents to be sued, and the terms of that consent define the jurisdiction of the court to hear the case. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).

In Social Security cases, 42 U.S.C. § 405(g) provides the exclusive means by which the federal courts may review a decision of the Commissioner. This provision states, in pertinent part, that "[a]ny individual, after any

*final decision* of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g) (emphasis added). The Supreme Court has instructed that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977). Absent a challenge to the Commissioner's actions on constitutional grounds, Byam v. Barnhart, 336 F.3d 172, 180 (2d Cir. 2003), a court may not review agency proceedings unless the agency has rendered a final decision on the individual's claim for benefits, Pollard v. Halter, 377 F.3d 183, 191 (2d Cir. 2004).

Although Feine has recently had an administrative hearing and a decision on her request for benefits for her children, she has not yet obtained a final decision of the Commissioner. The Commissioner issues a "final decision" subject to judicial review only upon action of the Appeals Council. See Pollard, 377 F.3d at 191 (holding that the Commissioner renders a final decision when the Appeals Council resolves a claim on the merits or denies a request for review of an ALJ's decision); 20 C.F.R. § 404.981 ("The

4

Appeals Council's decision, or the decision of the [ALJ] if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the final decision is revised.") Thus, while an ALJ's decision may in some cases become the final decision of the Commissioner, this can not happen until the Appeals Council denies review. See id. It is not known if the claimant will seek review of the Appeals Council. But for now there is no final decision subject to judicial review in this case. Furthermore, there is no constitutional claim entitling Feine to judicial review. Feine's request for relief is simply "[t]o retain all death benefits from the time of Raymond St. Andrew's death in January 2004." The Commissioner is entitled to adjudicate this request in the first instance through the established administrative process. See Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (explaining that a court may not substitute its own judgment on the merits for that of the Commissioner); Kercado v. Astrue, No. 08 Civ. 478, 2008 WL 5093381, at *2 (S.D.N.Y. Dec. 3, 2008) (explaining that because judicial review is limited to a review based on the pleadings and the administrative record, the Commissioner must take evidence and make a determination

5

on the issue in the first instance).

The Commissioner has now held an administrative hearing in this matter. Should the claimant seek Appeals Council review, and should the Appeals Council deny the claimant's request for review, Feine may request judicial review of the Commissioner's ultimate decision. The Commissioner would require sufficient time to assemble the administrative record. Therefore, at the present time, I recommend that this Court conclude that it lacks subject matter jurisdiction over the matter.

## Conclusion

Based on the foregoing I recommend that the Commissioner's motion to dismiss for lack of subject matter jurisdiction be GRANTED and the complaint be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 13th day of February, 2009.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).